**WEI XING LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–0108–ag.**

United States Court of Appeals, Second Circuit.

July 7, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Steven A. Mundie, Baron, Mundie & Shelkin, P.C., New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Mark C. Walters, Assistant Director; James A. Hurley, Attorney; Lynda A. Do, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Wei Xing Lin, a native and citizen of the People's Republic of China, seeks review of a December 10, 2007 order of the BIA denying his motion to reopen. *In re Wei Xing Lin*, No. A077 978 134 (B.I.A. Dec. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Lin's motion to reopen.

---

Attorney General Michael B. Mukasey as respondent in this case.

Lin argues that the BIA abused its discretion in concluding that he failed to demonstrate his *prima facie* eligibility for relief without adequately considering the evidence in the record. However, Lin cites no specific evidence in the record that the BIA ignored and the record does not indicate that the BIA failed to consider any material evidence. *See id.*; *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006). Moreover, we have previously reviewed the BIA's consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to establish a reasonable possibility of persecution. *See Jian Hui Shao,* 546 F.3d at 169–73 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former